**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Civil Action No._____

PHILLIP R. MINER,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant,
_____/

**NOW COMES** PHILLIP R. MINER, through his undersigned counsel, complaining of ENHANCED RECOVERY COMPANY, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. PHILLIP R. MINER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Mohawk, New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ENHANCED RECOVERY COMPANY, LLC ("Defendant") is a limited liability company with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. Defendant's principal purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers across the United States.

## FACTUAL ALLEGATIONS

9. At some point in time, Plaintiff obtained a personal credit card from Synchrony Bank/Scorecard Mastercard.

10. Plaintiff used the credit card to make purchases for personal purposes, amassing a balance.

11. Due to financial difficulties, Plaintiff allegedly missed payments on the credit card and his account fell into default status ("subject debt").

12. Plaintiff was in the process of making payment on the subject debt.

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Unbeknownst to Plaintiff, the subject debt was eventually placed with Defendant for collection.

15. On or around May 13, 2021, Defendant attempted to mail Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

16. Unfortunately, Defendant's Letter was not mailed to Plaintiff.

17. Defendant's Letter was mailed to Plaintiff's boss.

18. At no point did Plaintiff supply Defendant or any other prior owner of the subject debt with any information regarding his employer, place of employment, or *especially* his boss's home address.

19. Shortly after Plaintiff's boss received the letter, he notified Plaintiff of the letter.

20. Plaintiff was incredibly embarrassed and shocked that his boss now knew about the subject debt.

21. Furthermore, upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

22. Specifically, Defendant's Letter referenced numerous bar codes that suggest a third-party vendor uses that for sorting purposes.

23. Additionally, Defendant's Letter shows that it was sent from P.O. Box 1259, Dept 98696, Oaks, PA 19456.

24. Notably, Defendant's Letter states "Please do not send correspondence to this address" and then lists the above-referenced P.O. Box in paragraph 23.

25. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third party that Plaintiff allegedly owed the subject debt.

26. The disclosure contained information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt.

27. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

28. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

29. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

30. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

31. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

32. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

33. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

## DAMAGES

34. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

35. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

36. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

37. Plaintiff adopts and incorporates paragraphs 11-36 as if fully set forth herein.

**a. Violations of FDCPA § 1692b and b(2)**

38. Section 1692b of the FDCPA regulates how debt collectors can communicate with third parties.

39. Specifically, § 1692b(2) states that a debt collector communicating with a third party can "not state that such consumer owes any debt."

40. Defendant violated §§ 1692b and b(2) when it knowingly disclosed information in Defendant's Letter to Plaintiff's boss regarding the nature, amount, and status of the subject debt.

41. Specifically, Defendant mailed a letter to Plaintiff's boss's home address, which disclosed that Plaintiff owed a debt, as well as the nature, amount, and status of the debt.

**b. Violations of FDCPA § 1692c(b)**

42. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

43. Defendant also violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to Plaintiff's boss.

44. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

**WHEREFORE**, Plaintiff PHILLIP R. MINER requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692c(b);
B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

C. an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: June 25, 2021                                       Respectfully submitted,

PHILLIP R. MINER

/s/ *Alejandro E. Figueroa*, Esq.
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8181
alejandrof@sulaimanlaw.com